DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



DocuSign Envelope ID: A952B80F-C0A4-4E49-BB31-00EA4A0DEC3C



DocuSign Envelope ID: 9EFB1CA7-9B13-47A0-AED4-E241388D8E31



FHA Case No.: 544-1326268

# PROMISSORY NOTE

**JANUARY 29, 2024**       **PORTSMOUTH**       **VIRGINIA**
[Date]       [City]       [State]

**627 WATER LILLY ROAD, PORTSMOUTH, VIRGINIA 23701**
[Property Address]

### 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **FIFTY-ONE THOUSAND SIX HUNDRED FIFTY-TWO DOLLARS AND 13 CENTS** (U.S. **$51,652.13**), to the order of Lender.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. PAYMENT OF PARTIAL CLAIM

**(A) Time.**

HUD will not require payment on the Partial Claim until the first of the following events occurs:

    (i) The maturity of the Mortgage, **MAY 1, 2046**, the sale of the Property, the Payoff of the Mortgage, or

    (ii) if provided for under the Partial Claim note, the termination of FHA insurance, except that HUD will agree to subordinate the Partial Claim note to an FHA-Streamline Refinance.

**(B) Place.**

Payment shall be made at the **Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person



individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____     02/24/24
DONNIE RAINEY II                             Date

_____     02/24/24
KEVIN BROCK                                  Date

Partial Claims Agreement 12052023_105



Page 2

This Document Prepared By:
**CARLA DUGGER**
**CENLAR FSB**
**425 PHILLIPS BLVD.**
**EWING, NJ 08618**
**855-839-6253**

When Recorded Mail To:
**FIRST AMERICAN TITLE**
**DTO REC., MAIL CODE: 4002**
**4795 REGENT BLVD**
**IRVING, TX 75063**

**Tax Map/GPIN #: 05190800**
_____ [Space Above This Line for Recording Data] _____

FHA Case No.: 544-1326268
Loan No~~●●●●●●●●●●●~~

# PARTIAL CLAIMS MORTGAGE

**Tax Exempt per Virginia State Code: 58.1-809 and/or 58.1-811(A)(3)**

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **JANUARY 29, 2024**. The mortgagor is **DONNIE RAINEY II, KEVIN BROCK** ("Borrower"), whose address is **627 WATER LILLY ROAD, PORTSMOUTH, VIRGINIA 23701**. This Security Instrument is given to the Secretary of Housing and Urban Development, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **FIFTY-ONE THOUSAND SIX HUNDRED FIFTY-TWO DOLLARS AND 13 CENTS** (U.S. **$51,652.13**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **MAY 1, 2046**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the County of **PORTSMOUTH CITY**, State of **VIRGINIA**:

which has the address of, **627 WATER LILLY ROAD, PORTSMOUTH, VIRGINIA 23701** (herein "Property Address");

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Partial Claims Agreement 12052023_105

Page 1

Tax Parcel No. **05190800**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal.** Borrower **shall** pay when due the principal of the debt evidenced by the Note.

2.  **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.  **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.  **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.  **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.  **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is

Partial Claims Agreement 12052023_105



given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Borrower: **DONNIE RAINEY II**

Date: 02/24/24

Borrower: **KEVIN BROCK**

Date: 02/24/24

_____[Space Below This Line for Acknowledgments]_____

## BORROWER ACKNOWLEDGMENT

State of **VIRGINIA**

County of ____CHESAPEAKE____

The foregoing instrument was acknowledged before me this __02/24/2024__ (date) by **DONNIE RAINEY II, KEVIN BROCK** (name of person acknowledged)

_____ This notarial act was a remote online notarization.

Notary Public (signature)

Notary Printed Name: __APRIL JUSTINE VELASCO MOJARES__

Notary Registration Number: __7774615__

My commission expires: __04/30/2026__

```
APRILJUSTINE VELASCO MOJARES
NOTARY PUBLIC
REGISTRATION # 7774615
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
04/30/2026
```

Partial Claims Agreement 12052023_105

Page 4

Date: **JANUARY 29, 2024**
Loan Number: **0083869768**
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **DONNIE RAINEY II, KEVIN BROCK**

Property Address: **627 WATER LILLY ROAD, PORTSMOUTH, VIRGINIA 23701**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____     02/24/24
Borrower                                        Date
**DONNIE RAINEY II**

_____     02/24/24
Borrower                                        Date
**KEVIN BROCK**

Partial Claims Agreement 12052023_105

Page 6

## EXHIBIT A

**BORROWER(S): DONNIE RAINEY II, UNMARRIED AND KEVIN BROCK, UNMARRIED**

**LOAN NUMBER: 0083869768**

**LEGAL DESCRIPTION:**

The land referred to in this document is situated in the CITY OF PORTSMOUTH, COUNTY OF PORTSMOUTH CITY, STATE OF VIRGINIA, and described as follows:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON, LYING, SITUATE AND BEING IN THE CITY OF PORTSMOUTH, VIRGINIA, AND BEING KNOWN, NUMBERED AND DESIGNATED AS LOT ONE (1), AS SHOWN ON THAT CERTAIN PLAT ENTITLED "SUBDIVISION PLAT CREATING NEW PORT, SECTION 2, PORTSMOUTH, VIRGINIA, MAY 17, 2005" WHICH SAID PLAT IS DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH, VIRGINIA, IN MAP BOOK 20 AT PAGES 126 THROUGH 129, INCLUSIVE.

IT BEING THE SAME PROPERTY CONVEYED TO DONNIE RAINEY II AND KEVIN BROCK, BY DEED DATED APRIL 30, 2012 FROM U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA. AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A. AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1 BY BANK OF AMERICA, N.A. AS ATTORNEY IN FACT, AND DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT IN THE CITY OF PORTSMOUTH, VIRGINIA ON MAY 2, 2012 IN INSTRUMENT NO. DOCUMENT NUMBER 120004586.

TAX MAP NO.: 05190800
PROPERTY ADDRESS: 627 WATER LILLY ROAD, PORTSMOUTH, VA 23701

ALSO KNOWN AS: 627 WATER LILLY ROAD, PORTSMOUTH, VIRGINIA 23701

Partial Claims Agreement 12052023_105



Date: **JANUARY 29, 2024**
Loan Number: **0083869768**
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **DONNIE RAINEY II, KEVIN BROCK**

Property Address: **627 WATER LILLY ROAD, PORTSMOUTH, VIRGINIA 23701**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____     02/24/24
**DONNIE RAINEY II**                                                    Date

_____     02/24/24
**KEVIN BROCK**                                                          Date

Partial Claims Agreement 12052023_105

Page 7